# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **KEVIN T. HAMBURG** | **CIVIL ACTION NO. 25-1109** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **DONNA NORMAN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Kevin T. Hamburg, a prisoner at Louisiana State Penitentiary ("LSP") proceeding pro se and in forma pauperis, filed this proceeding on approximately August 4, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Donna Norman, the "head of medical" at Richwood Correctional Center ("RCC"); Ray Hanson, the former warden at RCC in 2016-2017; and James LeBlanc, the former Secretary of the Department of Public Safety and Corrections in 2016-2017.[1] [doc. # 1, pp. 4, 6]. For reasons that follow, the Court should dismiss Plaintiff's claims as time barred.

## Background

Plaintiff was incarcerated at RCC on October 10, 2016. [doc. # 1, p. 4]. He claims: "I was taken off my mental health medication by the medical staff at [RCC]." *Id.* When he asked why, he "was told they had no records of [him] ever being on ANY mental health medication." *Id.* Plaintiff maintains that his medical records prove that he should have received mental health medication at RCC in 2016. *Id.* He states, "By being taken off my medication I was essentially

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

being thrown away because without my medication I have a hard time staying in touch with reality." *Id.* at 5.

Plaintiff was later released from incarceration. [doc. # 1, p. 5]. He suggests that even though he "tried desperately" to obtain his medication when he was no longer incarcerated, he was unsuccessful. *Id.* He claims that because medical staff at RCC failed to give him his medication in October 2016, he suffered a chemical imbalance while he was released, and he was therefore arrested on new charges. *Id.* He states that the day of his arrest, he was on his way to fill "the prescription for the mental health medication [he] finally got but it was too late to help." *Id.* He finally obtained his medication while in West Baton Rouge Parish Jail in 2017. [doc. #s 1, p. 5; 1-2, p. 6].

Plaintiff was transferred to Elayn Hunt Correctional Center[2] on August 2, 2021. [doc. # 1, p. 6]. Similar to his claim above, he claims that because he lacked his mental health medication at RCC in 2016, another inmate stabbed him repeatedly at Elayn Hunt Correctional Center. *Id.*

Plaintiff was transferred to LSP on November 8, 2021. *Id.* Like the claims above, he claims that because he lacked his mental health medication at RCC in 2016, he killed an inmate at LSP in July 2022. [doc. # 1, p. 6]. He alleges specifically: "By failing to properly address and outright disregarding my mental health problems, I lost my freedom, almost lost my life on multiple occasions, and was forced to take someone else's [life]." *Id.* He explains further, "Had I been properly medicated upon my release from D.O.C. custody, I would never have gotten new charges, would never have been at Hunts Corrections to almost die the FIRST time, and would never have been in a cell at Louisiana State Pen. where I almost lost my life yet again . . . and

---

[2] Plaintiff refers to the facility as "Hunts Correctional." [doc. # 1, p. 6].

was forced to take another life." *Id.*

Plaintiff names Donna Norman as Defendant because she "was the head doctor of [RCC] in Louisiana in 2016-2017." [doc. # 1, p. 6]. He names James LeBlanc as Defendant because he "was the Director/Commissioner . . . of the State of Louisiana's Department of Corrections [and was] legally responsible for the overall operation of the Department and each institution under its jurisdiction, including" RCC. *Id.* He names Ray Hanson as Defendant because he "was the warden of Richwood Correctional facility in 2016-2017 [and was] legally responsible for the operation of Richwood Correctional facility and the welfare of all the inmates in that prison." *Id.* Plaintiff summarizes:

> The medical staff at Richwood Correctional Facility were deliberately indifferent to the Plaintiff's mental health needs when they took him off his medication and pretended like he was never on any. . . By taking the Plaintiff off his mental health medication and releasing him into dangerous situations, the medical staff at Richwood Correctional facility caused the Plaintiff to suffer reincarceration and multiple new charges. . . .The medical staff at Richwood Correctional facility knew or should have known and could have known had they reviewed the Plaintiff's mental health records, that the Plaintiff had a serious mental health problem and had attempted suicide when he was a child and because he's still not properly medicated he has done so at least twice since being at Louisiana State Pen.

*Id.* at 7.

For relief, Plaintiff seeks adequate medication, release from incarceration, compensation, punitive damages, and nominal damages. [doc. # 1, p. 9].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

3

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*.  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level."  *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

 "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Statute of Limitations

At bottom, Plaintiff claims that medical staff at RCC failed to provide him mental health medication in 2016, and he faults Defendants for their actions/inaction because of the positions they held in 2016.

Plaintiff's claims are untimely. District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.[4] *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law.

---

[4] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription." *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE art. 3493.1 (2024)). "But that amendment only applies prospectively to actions arising after July 1, 2024." *Id.* Because Plaintiff alleges that the Defendants' actions/inaction arose before July 1, 2024, the one-year period applies. *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

*Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff plainly knew that staff at RCC denied him his mental health medication in 2016.  Thus, he had one year from 2016, or until 2017, to file his claims.  As he did not file this proceeding until 2025 at the earliest, the statute of limitations bars the claims.

However, a constitutional claim of denial of medical care does not accrue until medical attention if provided.  *Boswell v. Claiborne Par. Det. Ctr.*, 2015 WL 6161810, at *2 (5th Cir. Oct. 21, 2015) (finding that it was "not clear from the face of" the complaint that the claim was prescribed because the plaintiff "pleaded a continuing violation based on a failure to provide needed and requested medical attention."); *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980) ("[T]he allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) ("[E]ach instance of potentially deliberate indifference ceased when he received medical attention.").

Plaintiff obtained his medication while in West Baton Rouge Parish Jail in 2017.  [doc. #s 1, p. 5; 1-2, p. 6].  Thus, his claims accrued in 2017 at the latest.  He then had one year from

2017, or until 2018, to file his claims.  As he did not file this proceeding until 2025 at the earliest, the statute of limitations bars the claims.

The limitations period is subject to state tolling and equitable tolling in certain circumstances.  "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).  The plaintiff bears the burden of establishing that equitable tolling applies.  *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).  Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit.  *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that his claims were tolled.  He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[5]

Accordingly, the Court should dismiss Plaintiff's claims as untimely.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Kevin T. Hamburg's claims be **DISMISSED WITH PREJUDICE** as untimely, legally frivolous, and for failing to state claims on which relief may be granted.

---

[5] If Plaintiff contends that his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of September, 2025.

Kayla Dye McClusky
United States Magistrate Judge